**BALTIMORE & O. R. CO. v. BOLE.**
**Civ. A. No. 57–W.**

District Court, N. D. West Virginia.
Feb. 5, 1940.

Frank W. Nesbitt, of Wheeling, W. Va., for plaintiff.

BAKER, District Judge.

The plaintiff is a railroad corporation, organized under the laws of Maryland, and having its principal office and place of business in Baltimore. It is engaged in both interstate and intrastate commerce as a common carrier of persons and property. Its lines extend through quite a number of states, including West Virginia. In the Northern District of West Virginia, it has, among others, lines reaching from the City of Harpers Ferry, in Jefferson County, through the City of McMechen in Marshall County, to the City of Wheeling in Ohio County, and from the City of Wheeling, in Ohio County, through the City of McMechen in Marshall County, to the City of Parkersburg in Wood County. In all of these named counties, and in many others, the plaintiff has agents, including depot or station agents, on whom service of process against the Company can be had. All of these counties, including Marshall County and Ohio County, are within the territorial jurisdiction of the United States District Court for the Northern District of West Virginia, which, sitting at the City of Wheeling and other cities in the District, is open and fair, and expeditious trial of cases can be had therein. In addition, in all of these counties, the West Virginia State Courts thereof having general jurisdiction, both at law and in equity, are open and fair, and expeditious trial of cases can be had therein.

In all of the counties above mentioned, there are numerous well qualified and capable attorneys at law, fully capable to represent the defendant in any claim against the plaintiff and to prosecute any action or suit which she might think herself entitled to prosecute against the plaintiff for or on account of the death of her said decedent, William J. Bole, Jr.

The defendant is a citizen of West Virginia. For many years she has lived, and until his death, the defendant's decedent lived, in the City of McMechen in Marshall County, within approximately six miles of the Federal Court House in Wheeling, and within approximately six miles of the Court House of Marshall and Ohio Counties, respectively, and about the same distance from the places of employment of the plaintiff's station agents at the City of Moundsville in Marshall County, and at the City of Wheeling, in Ohio County.

William J. Bole, Jr., defendant's decedent, was employed as a yard foreman in the plaintiff's railroad yards in the City of Wheeling. On June 27, 1939, he was killed in a railroad accident which occurred in those yards at a time when he was on duty in the plaintiff's employ as yard foreman in those yards. His fellow employees who were engaged with him in the yards are all residents of Wheeling or the immediate vicinity thereof, and their place of employment is in those yards. They are essential witnesses.

On September 19, 1939, the defendant, Eliza Tarry Bole, qualified as Administratrix of William J. Bole, Jr.'s estate, in the County Court of the said County of Marshall, the county of their residence.

William Wallace McCallum, a lawyer living and practicing in Chicago, Illinois, was employed by the defendant to prosecute her claimed right of action against the Railroad Company, growing out of the death of her decedent. It was agreed between them that she would avoid availing herself of the readily available court facilities in West Virginia, or within a reasonable distance of the scene of the accident, or of her residence, or of the residences and place of employment of the witnesses necessary for the trial of her claimed cause of action. Either at the same time at which McCallum was employed, or shortly thereafter, a firm of lawyers at Hammond, Indiana, practicing under the name of Galvin, Galvin and Leeney, joined McCallum in representing the defendant, and in the agreement with respect to the avoidance of the institution of action in West Virginia. They agreed among themselves that they would bring action approximately five hundred miles away in the District Court of the United States for the Northern District of Indiana, Hammond Division, in the City of Hammond, Indiana.

McCallum served on the Railroad Company a written notice of Attorney's Lien, stating that under contract with the defendant, he is to receive as his compensation, thirty-three and one-third percent of any amount recovered either by way of settlement, suit or otherwise, and that by virtue of an Illinois Statute, he will hold the plaintiff responsible for the amount of those fees, and he notified the plaintiff to make no settlement or attempted settlement with the defendant without satisfying his claim for fees.

On or shortly before December 7, 1939, the defendant with the said McCallum and F. J. Galvin, one of the members of the said firm of Galvin, Galvin and Leeney, appearing as her attorneys, and the said firm of Galvin, Galvin and Leeney, appearing as of her counsel, instituted, at Hammond, Indiana, a civil action against the plaintiff, in the District Court of the United States for the Northern District of Indiana, Hammond Division. That civil action bears File Number 127. In the complaint it is alleged, in substance, that on or about June 27, 1939, while the said William J. Bole, Jr., was in the employ of this plaintiff as a railroad yard conductor, and as such conductor, was working in the plaintiff's railroad yards located at or near to Wheeling, West Virginia, he, the said William J. Bole, Jr., was killed by and through negligence of this plaintiff and its certain agents, servants, officers and employees. In each count of said complaint, the plaintiff therein and the defendant herein demands judgment against this plaintiff for the sum of $50,000. Summons and said complaint in said civil action were served on the plaintiff on said December 7, 1939. That civil action is still pending and undetermined.

William Wallace McCallum and the members of the firm of Galvin, Galvin and Leeney are all nonresidents of West Virginia. None of them is an attorney at law licensed or authorized to practice law in the State. They are all out of the jurisdiction of this Court and beyond the reach of its summons. For those reasons they are not made parties to this civil action.

The Railroad Company has a meritorious defense to the causes of action alleged against it in the defendant's complaint filed in the Indiana Court, that defense being a complete denial of liability on the ground, among others, that William J. Bole, Jr., did not come to his death by reason of any negligence or fault on the part of either the Railroad Company or any of its officers, agents, or employees other than the said Bole himself.

In order that the Railroad Company may properly and appropriately defend itself, it is essential that it procure and take the testimony of at least twelve to fourteen witnesses, consisting of the members of the crew who were employed with Bole at the time and place of the accident in which he lost his life, and who were engaged with him in the switching movement in connection with which the accident occurred, and also the yardmaster and yard helpers in the Wheeling yards, and also the car inspectors and other employees who inspected the equipment involved, and the premises following the accident. All of those witnesses reside in Ohio or Marshall County, or within a very short distance therefrom, and the place of employment of all of them is in the City of Wheeling and immediately adjacent thereto.

The trial of the defendant's claimed cause of action in Hammond, Indiana, approximately five hundred miles away, or at any such distance from the City of Wheeling, would deprive the railroad company of the immediate availability of witnesses, and if it should develop in the course of the trial that additional witnesses are necessary, either in chief or in rebuttal, it would not be possible to arrange for their availability as witnesses in the City of Hammond, because of the distant location of that City.

The practice and state of the trial docket or calendar of the Federal Court at Hammond are such that it is impracticable to foretell when trial will actually be reached or to have witnesses on hand without undue delay and expense to the railroad company. If the personal attendance of witnesses is obtainable, it is necessary that they be detained at Hammond for uncertain and often long periods, and at a great and burdensome expense.

On the other hand, if trial in the United States District Court for the Northern District of West Virginia, at Wheeling, or in the Circuit Court of either Ohio or Marshall County, West Virginia, be had, the witnesses would be almost immediately available without undue expense to the railroad company or undue interruption of, or interference with, the employments of the witnesses, and also without unreasonable burden on interstate or intrastate commerce. The reasonable expense of procuring and detaining the witnesses in a trial in any of those three Courts would probably not exceed three hundred dollars, whereas, if the case is prosecuted and tried in Hammond, Indiana, the expense for the attendance and detention of witnesses would probably amount to as much as fifteen hundred dollars. In addition, the long detention of the witnesses at Hammond or at any point far distant from their place of employment, would seriously interfere with and disturb the railroad's operations as a common carrier in interstate and intrastate commerce, and would impose an unreasonable and unnecessary burden thereon.

 The witnesses cannot be compelled by legal process to go to Hammond, Indiana. The taking of their depositions is not an adequate substitute, since it is common knowledge that juries are able to understand and weigh the testimony of witnesses testifying orally and whom they can hear and see much better than witnesses who have testified by depositions.

It would be practically impossible for the railroad company to foresee all of the adverse testimony which may be offered against it and to meet or counteract that testimony during a trial five hundred miles away.

When railroad employees are required to be transported long distances to appear as witnesses at a trial, a great deal of time is lost by them, for which the railroad service suffers. On the other hand, in cases where the trial is had locally or in the near vicinity, the witnesses can report for duty in advance of their day's appearance at Court, and can frequently be excused from actual attendance at the trial, subject to call when needed. This is particularly true when the witnesses occupy such positions as general car foreman, terminal trainmaster, yardmaster and the like. Such employees can organize and plan their work for the day, can slip out of Court during the day, when, and at meal hours, they can get hold of their offices by telephone, straighten out and handle any matters which need their attention, and in the afternoon after the Court adjourns, can report to their offices, and can take care of the usual work in the evenings, planning for the night and the following day. On the other hand, should such employees be sent a long distance and be held as witnesses, the operations of the railroad company at the place of their employment would be seriously interfered with. The terminal trainmaster and the general car foreman are the heads of their departments in the railroad's terminal at Wheeling, and in order to fill their positions so that the work would continue efficiently, it would be necessary to select men and train them for the filling of those positions, and this would bring about delay and confusion. With the yardmaster, it would mean the placing of an extra yardman to supervise the yard operations during the tour of the yardmaster, who is away, and, a yardmaster, to be efficient, must know all of the short cuts, and must also know the practices and plants of the various manufacturing and other companies which are served, and whenever an extra man is forced into the position of yardmaster, it not only seriously affects the railroad operation, but also affects the smooth plant operation of the industries affected, and causes dissatisfaction among

them. If the yard engineer, yard foreman and yard helpers were sent to the City of Hammond for three or four days, or, perhaps for a week, it would mean putting in extra men in their places who are not familiar with the work, and the operations of the railroad company would be interfered with just that much, since it would require men, after taking on the job, to work it several days before they would be accustomed to the ins and outs of the job. The same thing applies in the case of the car inspectors. Extra men who are not thoroughly familiar with the work would have to be called in to take their places.

The institution by the defendant of her civil action at Hammond, Indiana, five hundred miles away, instead of in some Court at or near to the City of Wheeling, and the resulting unnecessary and irrecoverable increase of expense to the railroad company occasioned thereby, and also the resulting disturbance of the functions, operations and services of the railroad company at Wheeling, constitute an unreasonable and unnecessary interference with, and burden on, interstate and intrastate commerce, and are contrary to the public interest.

Upon said facts the Court doth find that it has jurisdiction of the parties herein and of the subject matter, and doth state its conclusions of law, and its reasons for the issuance of the order of injunction hereinafter awarded, as follows:

A Court of general equity jurisdiction has the power to restrain persons residing within its territorial jurisdiction from exercising a purely legal right in an unjust and inequitable manner in a foreign jurisdiction.

Annoying, vexatious and harassing litigation inequitably instituted in a distant forum is recognized as one of the grounds for the exercise of equitable jurisdiction for injunction.

The venue section of the Federal Employers' Liability Act, 45 U.S.C. Sec. 56, as amended, 45 U.S.C.A. § 56, was not intended to, and does not, limit the equitable jurisdiction invoked by the plaintiff in this civil action.

It is apparent from the facts that the further prosecution and the trial of the defendant's claimed cause of action in a distant forum would unduly and unnecessarily affect and interfere with interstate commerce.

The threatened harassment, confusion and expense to the plaintiff railroad company, occasioned by the defendant's institution of her civil action in a distant jurisdiction, would result in irreparable damage to the plaintiff, since recovery therefor could never be had.

The facts further establish that the institution of the defendant's civil action in a distant jurisdiction, is an attempt on the part of the defendant, in conspiracy with her named counsel, to inequitably enforce a claimed legal right.

Unless restrained therefrom by preliminary injunction, the defendant may succeed in accomplishing, during the pendency of this civil action, and before final judgment therein has been rendered, the identical wrongs and inequities which, in this civil action, are sought to be prevented.

The plaintiff in this civil action is entitled to the relief demanded in its first demand for judgment in its complaint and amended complaint filed herein, and sought in its motion for a preliminary injunction.

It is therefore directed that judgment be entered awarding to the plaintiff a preliminary injunction as prayed for in the complaint and in the amended complaint, upon condition, however, that before said injunction shall issue, the plaintiff file herein its bond with surety satisfactory to this Court, in the penal sum of twenty-five hundred dollars, and conditioned for the payment of such costs and damages as may be suffered by any party who shall be found to have been wrongfully enjoined or restrained.

And now the plaintiff having given bond as thus required, with Fidelity & Casualty Company of New York as surety, which said bond is by the Court approved.

And now the Court, proceeding to issue its preliminary injunction herein, it is accordingly adjudged, ordered and decreed that the defendant, Eliza Tarry Bole, Administratrix of the estate of William J. Bole, Jr., deceased, be, and she hereby is, enjoined and restrained, until further order of this Court, from further prosecuting her civil action instituted by her against the Baltimore & Ohio Railroad Company, and now pending as civil action File No. 127 in the District Court of the United States for the Northern District of Indiana, Hammond Division, and from instituting or prosecuting any other action or proceed-

**226**

ing in said Court, or in any Court in the said State of Indiana, or at any other distant point from said Eliza Tarry Bole's residence in the City of McMechen in Marshall County, West Virginia, or from the place where said Eliza Tarry Bole's said decedent met his death, in the City of Wheeling, in Ohio County, West Virginia, or for or on account of the alleged cause of action set up and described in the complaint filed by said Eliza Tarry Bole, Administratrix of the estate of William J. Bole, Jr., deceased, in said civil action No. 127, or for or on account of damages claimed to have been sustained by reason of or growing out of the death of said William J. Bole, Jr., deceased.

Order may go accordingly.